FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 14 2021

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRENDA STALLINGS                                                    PLAINTIFF

VS.                                    CASE NO. 4:21-cv-625-BSM

ARKANSAS PUBLIC DEFENDER COMMISSION                    DEFENDANT

COMPLAINT

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000 *et seq*. (Title VII of the Civil Rights Act of 1964, as amended), in order to recover damages against the defendant for the unlawful employment practices that the plaintiff Brenda Stallings has been subjected to on account of her race. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

I.
Jurisdiction

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended).

2. The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.
Parties

3.  The plaintiff Brenda Stallings is an African American female, and is a resident of the United States of America.

4.  The Defendant Arkansas Public Defender Commission is an agency of the State of Arkansas as created by Ark. Code Ann. § 16-87-202(a).  The Arkansas Public Defender Commission consists of seven (7) members as appointed by the Governor to serve five (5) year terms.  Pursuant to Ark. Code Ann. § 16-87-203(a)(1), the Arkansas Public Defender Commission is tasked with the power "[t]o establish policies and standards for the public defender system throughout the state, including standards for determining who qualifies as an indigent person."

5.  The Arkansas Public Defender Commission, pursuant to Ark. Code Ann. § 16-87-203(a)(2), is tasked with the responsibility "[t]o establish polices and standards for the organization and operation of public defenders' offices throughout the state, including funding, compensation, staffing, and standards of experience for attorney's assigned to particular cases."  Also, pursuant to Ark. Code Ann. § 16-87-203(a)(3) the Arkansas Public Defender Commission is responsible for allocating "personnel for each public defender's office throughout the state."

6.  Furthermore, pursuant to Ark. Code Ann. § 16-87-304(a), "[t]here shall be created within the Arkansas Public Defender Commission a number of positions, including chief public defender, public defenders, investigators, and secretaries."  Also, pursuant to Ark. Code Ann. § 16-87-304(c)(4)(A), the public defender positions may be on a full-time or part-time basis.

7.  Gregg E. Parrish serves as the Executive Director of the Arkansas Public Defender Commission, and he is a Caucasian male.

III.
Facts

8. Brenda Stallings is a licensed attorney for the State of Arkansas, having received her license to practice law in or about September 1996. Ms. Stallings is also licensed to practice law in the State of Michigan.

9. Ms. Stallings graduated from the University of Arkansas at Little Rock School of Law in May 1996.

10. Ms. Stallings began her employment with the Arkansas Public Defender Commission in October 2000 as a Deputy Public Defender.

11. Ms. Stallings is the only African American full-time juvenile public defender in the State of Arkansas, having been so assigned to the juvenile division in 2001.

12. Ms. Stallings is one of two African American full-time public defenders employed to work in the Sixth Judicial District, which encompasses Pulaski and Prairie Counties.

13. As of December 31, 2020, Ms. Stallings was classified as a Public Defender Attorney I, assigned to the pay grade of GS10.

14. Approximately three (3) years ago, Ms. Stallings discovered that despite her number of years of experience with the defendant, and her years of experience in working in the Arkansas Public Defender Commission, she was being paid significantly lower than her white counterparts.

15. Ms. Stallings also discovered that her white counterparts were placed in a higher paygrade than herself – Ms. Stallings was in a GS10 paygrade, while her white counterparts were in a GS11 paygrade classified as a Public Defender 1.

16.     For several months, Ms. Stallings attempted to address the pay inequity with Gregg Parrish, and other state officials, but was either shunned, or given the run around.

17.     On July 31, 2020, Ms. Stallings sent an email to Mr. Parrish addressing the pay inequity with her white counterparts.

18.     On August 17, 2020, Ms. Stallings again sent an email to Mr. Parrish addressing the pay inequity, indicating that she believed that she was being paid less than her white counterparts on account of her race.

19.     Recognizing the pay inequity, on September 4, 2020, Mr. Parrish sent a letter to Kay Barnhill, Human Resources Director for the State of Arkansas, requesting a salary review for Ms. Stallings.

20.     At the time of this request for salary review, Ms. Stallings had an annual salary of $78,245.65.

21.     Mr. Parrish had requested that Ms. Stallings' salary should be increased to $81,257.00 per year, which was the maximum salary for the GS10 position, which still would have been significantly lower than her white counterparts, who had been employed less than the plaintiff with the defendant, and had been licensed to practice law less time than the plaintiff.

22.     On October 26, 2020, Mr. Parrish sent a second letter to Kay Barnhill requesting that Ms. Stallings' salary be increased to $81,257.00 effective September 4, 2020.

23.     On November 17, 2020, Ms. Stallings again made inquiry as to why she was classified as a Public Defender Attorney I – paygrade GS10, rather than a Public Defender I – paygrade GS11, like her white counterparts.

24.     At the time of this inquiry, and as of November 2020, the following pay inequity existed:

| Name | Date Licensed | Date of Hire | Pay Grade | Salary |
|---|---|---|---|---|
| Brenda Stallings – BF | 09/12/1996 | 10/21/2001 | GS-10 | $78,245.65 |
| Brandy Turner – WF | 08/31/2001 | 10/22/2001 | GS-12 | $91,212.78 |
| David Sudduth – WM | 09/21/1998 | 12/10/2011 | GS-11 | $90,668.86 |
| Casey Beard – WF | 09/02/2003 | 09/02/2003 | GS-11 | $84,769.36 |
| Cheryl Bernard – WF | 09/05/1996 | 06/16/2005 | GS-11 | $86,069.98 |
| Jason Kordsmeier – WM | 09/29/2003 | 06/11/2007 | GS-11 | $82,099.68 |
|  |  |  |  |  |

25. Finally on January 25, 2021, the plaintiff was promoted to the pay grade of GS-11, with an annual pay of $89,381.34.

26. However, recently, the plaintiff discovered that David Sudduth was promoted to the position of GS-12 with an annual income of approximately $99,250.00.

27. Although the plaintiff was given a pay increase to the position of GS-11, she was not afforded any back pay for the years of inequity in pay based on her race.

IV.
Title VII of the Civil Rights Act
Race Discrimination

28. The plaintiff incorporates by reference the allegations contained in paragraphs 1-27 of the plaintiff's complaint, and adopts each as if set out herein word for word.

29. Throughout the plaintiff's employment history with the defendant, she has been subjected to a pattern of discriminatory treatment based on her race, in that white employees who are similarly situated as the plaintiff have been paid more than the plaintiff in violation of Title VII of the Civil Rights Act of 1964 (as amended).

30. Once the plaintiff discovered that she was the victim of discrimination based on her race, she attempted to remedy the situation by appealing to Gregg Parrish, Executive Director of the Arkansas Public Defender Commission to make the situation right.

31. Despite the fact that the plaintiff brought to the attention of Mr. Parrish that she was the victim of race discrimination in terms and conditions of her employment with the defendant, which Mr. Parrish was already aware, the defendant failed to alleviate the discriminatory treatment that the plaintiff was subjected to, which resulted in further harm to the plaintiff.

32. The defendant has subjected the plaintiff to varied terms and conditions of her employment contract than similarly situated white employees, all on account of her race, in violation of her rights as protected by Title VII of the Civil Rights Act of 1964 (as amended).

33. Although the defendant attempted to remedy the disparity in pay that the plaintiff was subjected to on account of her race, when the plaintiff was promoted to the GS-11 pay grade on or about January 25, 2021, the plaintiff was still being paid less than David Sudduth, a Caucasian male, and Brandy Turner, a Caucasian female, who both had less years of experience with the defendant, and both of whom had been licensed to practice law less time than the plaintiff, still subjecting the plaintiff to disparate treatment on account of her race in violation of Title VII of the Civil Rights Act of 1964 (as amended).

34. On or about October 13, 2020, the plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) – Charge No. 493-2020-01750, contending that she was discriminated against based on her race, when she was denied the proper placement on the paygrade as her white counterparts. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

35. In response to the Plaintiff's Charge of Discrimination that he filed with the EEOC – Charge No. 493-2020-01750, said agency issued her a "Dismissal and Notice of Rights" letter dated April 15, 2021, which *inter alia* gave the plaintiff the right to sue the defendant within 90

days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

V.
Damages

36. The plaintiff incorporates by reference the allegations contained in paragraphs 1-35 of the plaintiff's complaint, and adopts each as if set out herein word for word.

37. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her race, the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

38. Furthermore, due to the discriminatory and retaliatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

JURY DEMAND

39. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

    a.    declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race;

    b.    back pay;

    c.    compensatory damages;

    d.    attorney's fees;

    e.    the cost of prosecuting this action;

    f.    and for all other equitable, legal, and just relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr., No. 86145

Dated this 14th day of July 2021.

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2020-01750 and EEOC |
|---|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.)<br>**BRENDA STALLINGS** | Home Phone<br>**(501) 258-6068** | Year of Birth |
|---|---|---|

Street Address: **800 WEST CHARLES BUSSEY AVE**, City, State and ZIP Code: **LITTLE ROCK, AR 72206**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**ARKANSAS PUBLIC DEFENDER COMMISSION** | No. Employees, Members<br>**15 - 100** | Phone No.<br>**(501) 682-9070** |
|---|---|---|

Street Address: **101 E. CAPITOL AVE., SUITE 201**, City, State and ZIP Code: **LITTLE ROCK, AR 72201**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **11-03-2016**   Latest: **09-04-2020**
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in October 2001 as a Deputy Public Defender. I have been licensed to practice law since 1996. There are no other Black attorneys at the Public Defender's office with my work history. My current position is Public Defender Attorney I, pay grade GS10. On November 17, 2016, I requested a job reclassification from GS10 to GS11. I was instructed to reapply for a new position in order to be reclassified when in fact that information was not true and the white attorneys were reclassified without reapplying or moving to another city or county. On July 31, 2020, I discovered my White coworkers were reclassified as Public Defender I (GS11) after which an email was sent to Greg Parrish, Executive Director about the pay disparity stating that I am not being paid the same nor am I classified at the same pay grade as my White coworkers even though we do comparable work. Around August 17, 2020, I complained that the attorneys hired after me were making as much as $6,000 to $12,000 more than me and it was race based pay disparity. On September 4, 2020, I received an email stating that my pay would increase $3,000 and suggestion or reclassification. Neither the pay increase nor the reclassification makes my salary comparable to the other

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brenda Stallings on 10-13-2020 06:02 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

PLAINTIFF'S EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2020-01750 and EEOC |
|---|---|---|

State or local Agency, if any

white attorneys in the office with similar hire date or license date. I also requested retroactive pay from 2017 to present and what steps would be taken to prevent this from happening to me and other African Americans attorneys and there was no response to these requests.

I believe I was denied job reclassification and paid less than similarly situated coworkers because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Brenda Stallings on 10-13-2020 06:02 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Brenda Stallings**
**800 West Charles Bussey Ave**
**Little Rock, AR 72206**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-01750 | Johnny L. Glover, Investigator | (501) 324-6475 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ signature*     April 15, 2021

Enclosures(s)     **William A. Cash, Jr., Area Office Director**     *(Date Issued)*

cc: **Dorothy Dickinson**
**Asst. Personnel Manager**
**Arkansas Public Defender Commission**
**101 E CAPITOL AVE**
**STE 201**
**Little Rock, AR 72201**

**PLAINTIFF'S EXHIBIT B**