# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BRENDA STALLINGS**                                                                                   **PLAINTIFF**

**v.**                         **CASE NO. 4:21CV-00625BSM**

**ARKANSAS PUBLIC DEFENDER**
**COMMISSION**                                                             **DEFENDANT**

## ANSWER

Comes now Defendant, Arkansas Public Defender Commission, by and through its undersigned counsel, and for its Answer states as follows:

1. In Response to Paragraph "Introduction" of the Complaint (D.E. 1), Defendant admits that Plaintiff purports to state a cause of action under Title VII of the Civil Rights Act of 1964 (42 U.S. Code § 2000e. et. seq). Defendant denies that Plaintiff has stated any cause of action against it and denies that Plaintiff is entitled to any relief. Any allegation not specifically admitted herein is denied.

2. In Response to Paragraph 1 of the Complaint (D.E. 1), Defendant admits that venue is proper. Any allegation not specifically admitted herein is denied.

3. In Response to Paragraph 2 of the Complaint (D.E. 1), Defendant denies that any unlawful employment practices were committed against Plaintiff. Any allegation not specifically admitted herein is denied.

4. In Response to Paragraph 3 of the Complaint (D.E. 1), the allegations are not directed toward Defendant, and therefore, Defendant cannot admit or deny it. Any allegation not specifically admitted herein is denied.

5. In Response to Paragraphs 4 through 6 of the Complaint (D.E. 1), Defendant admits that it is an agency of the State of Arkansas. The Arkansas statutes speak for themselves and therefore do not require any response. Any allegation not specifically admitted herein is denied.

6. In Response to Paragraph 7 of the Complaint (D.E. 1), Defendant admits that Gregg E Parrish serves as the Executive Director of the Arkansas Public Defender Commission and he is a Caucasian male.

7. In Response to Paragraphs 8 through 9 of the Complaint (D.E. 1), Defendant admits that Brenda Stallings is a licensed attorney in the State of Arkansas. The remaining allegations are not directed toward Defendant, and therefore, Defendant cannot admit or deny it. Any allegation not specifically admitted herein is denied.

8. Defendant denies the allegations stated in paragraph 10 of the Complaint.

9. Defendant denies the allegations stated in paragraphs 11 through 16 of the Complaint. Plaintiff's payroll records speak for themselves. Any allegation not specifically admitted herein is denied.

10. In Response to Paragraphs 17 through 19 the Complaint (D.E. 1), the referenced documents speak for themselves. Defendant disputes Plaintiff's characterization of the referenced documents. Any allegation not specifically admitted herein is denied.

11. Defendant denies allegations stated in paragraph 20 of the Complaint. Plaintiff's payroll records speak for themselves. Any allegation not specifically admitted herein is denied.

12. In Response to Paragraph 21 of the Complaint (D.E. 1), Defendant admits that Plaintiff's salary was increased. Plaintiff's payroll records speak for themselves. Any allegation not specifically admitted herein is denied.

13. In Response to Paragraphs 22 through 23 the Complaint (D.E. 1), the referenced documents speak for themselves. Defendant disputes Plaintiff's characterization of the referenced documents. Any allegation not specifically admitted herein is denied.

14. Defendant denies allegations stated in paragraphs 24 through 26 of the Complaint. Plaintiff's payroll records speak for themselves. Any allegation not specifically admitted herein is denied.

15. In Response to Paragraph 27 of the Complaint, Defendant admits that Plaintiff was given a pay increase. Any allegation not specifically admitted herein is denied.

16. Paragraph 28 of the Complaint (D.E. 1) does not contain allegations directed towards Defendant and therefore does not require a response. Any allegation not specifically admitted herein is denied.

17. Defendant specifically and generally denies all allegations stated in paragraph 29 of the Complaint (D.E. 1).

18. Defendant specifically and generally denies all allegations stated in paragraph 30 of the Complaint (D.E. 1).

19. Defendant specifically and generally denies all allegations stated in paragraph 31 of the Complaint (D.E. 1).

20. Defendant specifically and generally denies all allegations stated in paragraph 32 of the Complaint (D.E. 1).

21. Defendant specifically and generally denies all allegations stated in paragraph 33 of the Complaint (D.E. 1).

22. In Response to Paragraphs 34 through 35 the Complaint (D.E. 1), the referenced documents speak for themselves. Defendant disputes Plaintiff's characterization of the referenced documents. Any allegation not specifically admitted herein is denied.

23. Defendant specifically and generally denies all allegations stated in paragraph 36 of the Complaint (D.E. 1).

24. Defendant specifically and generally denies all allegations stated in paragraph 37 of the Complaint (D.E. 1).

25. Defendant specifically and generally denies all allegations stated in paragraph 38 of the Complaint (D.E. 1).

26. Paragraph 39 of the Complaint (D.E. 1) does not contain allegations directed towards Defendant and therefore does not require a response.

27. Defendant denies that Plaintiff has stated any cause of action against it.

28. Defendant denies that Plaintiff is entitled to any relief.

29. Any allegation not specifically admitted herein is denied.

30. Defendant requests a trial by jury.

## **Affirmative Defenses**

Pleading further and in the affirmative, Defendant states:

31. The Complaint (D.E. 1) fails to state a claim upon which relief can be granted.

32. The Complaint (D.E. 1) fails to state facts upon which damages or any other relief may be awarded.

33. The Court lacks subject matter jurisdiction over this action.

34. Plaintiff's claims are barred by the applicable statute of limitations.

35. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

36. Plaintiff's claims are barred by the doctrine of laches (or equitable estoppel).

37. Plaintiff failed to mitigate damages.

38. Plaintiff is barred from filing a Title VII action because she has failed to meet the procedural prerequisites for a Title VII filing.

39. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.

40. Plaintiff is not entitled to the damages and other relief requested.

41. The employment decisions with regard to Plaintiff were based on nondiscriminatory reasons and that the business-judgment rule applies.

42. Plaintiff's claims against Defendant, regardless of the relief sought, are barred by the doctrine of sovereign immunity

43. Plaintiff did not suffer any injury.

44. Defendant asserts that it was not the party ultimately responsible for setting up and adjusting Plaintiff's salary.

45. Defendant reserves the right to amend or supplement this pleading as defenses become apparent or available during the course of litigation.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed, and for all other just and proper relief they are entitled.

        Respectfully submitted,

        LESLIE RUTLEDGE
        Attorney General

By:   <u>Maryna Jackson</u>
       Maryna Jackson
       Ark Bar No. 2009111
       Assistant Attorney General
       Arkansas Attorney General's Office
       323 Center Street, Suite 200
       Little Rock, AR 72201
       Phone:  (501) 683-3296
       Fax:     (501) 682-2591
       Email:  maryna.jackson@arkansasag.gov
       *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    I, Maryna Jackson, Assistant Attorney General, hereby certify that on October 5, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants.

                                   *<u>Maryna Jackson</u>*
                                   Maryna Jackson