IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRENDA STALLINGS**                                                                                          **PLAINTIFF**

v.                                   **CASE NO. 4:21-cv-00625-BSM**

**ARKANSAS PUBLIC DEFENDER**                                                              **DEFENDANT**
**COMMISSION**

## DEFENDANT'S PRE-TRIAL DISCLOSURES

1. <u>Identity of Party</u>: Arkansas Public Defender Commission

2. <u>Party's Legal Counsel</u>:

    Brian D. Black
    Assistant Attorney General
    Arkansas Attorney General's Office
    323 Center Street, Suite 200
    Little Rock, Arkansas 72201
    (501) 683-3296
    brian.black@arkansasag.gov

3. <u>Summary of Claims and Relief Sought</u>:   Plaintiff brought this action alleging discrimination on the basis of age, allegedly in violation of Title VII of the Civil Rights Act of 19864, as amended, 42 U.S.C. § 2000, et seq.  Plaintiff seeks monetary damages as well as declaratory and injunctive relief.

4. <u>Prospects for Settlement</u>: Defendant does not believe that settlement is possible at this time.

5. <u>Jurisdictional Basis</u>:  Jurisdiction of this cause of action arises under 28 U.S.C. § 1331.

6. <u>Pending Motions</u>:  There are no pending motions as of the filing of this Pre-Trial Conference Information Sheet.

7. <u>Summary of Facts</u>: At all times relevant to this case, Plaintiff Brenda Stallings has been an attorney licensed to practice in the States of Arkansas and Michigan.

Plaintiff began her employment with the Arkansas Public Defender Commission ("APDC") on October 21, 2001 as a Deputy Public Defender Attorney I (GS-10). Since her date of hire, Plaintiff has spent her entire career at the APDC as juvenile public defender in the Sixth Judicial District, which encompasses Pulaski and Prairie Counties. As of December 31, 2020, Plaintiff continued to be employed as a Public Defender Attorney I, in the pay grade of GS10.

In the summer of 2020, Plaintiff sought a pay increase, alleging, inter alia, that she was being paid less, and was in a lower pay than other attorneys in the APDC, specifically certain white attorneys. Plaintiff asserted, without any factual basis whatsoever, that the difference in pay grade and in pay was based on race. Under the applicable laws of the State of Arkansas, however, the pay grade for employees of State Agencies, including the position of Public Defendant Attorney I is set by statute. The APDC did not set the pay grade or salary for Plaintiff's position.

The pay grade and salary ranges for Plaintiff's position and for the positions of the attorneys to whom Plaintiff claims to be similarly situation were set by statute—not by the APDC. All positions under the Grade of GS-13 are required to be posted and advertised, and individuals seeking those positions are required to apply for them—even if the individual is already employed in another position in the same State Agency.

Moreover, the comparators Plaintiff identified as being situated similarly to the Plaintiff have duties and responsibilities outside the Juvenile Court, such as felony trials in Circuit Court and conducting jury trials.

8. <u>Proposed Stipulations</u>: None at this time. Defendant anticipates stipulating to certain exhibits prior to trial.

9. <u>Contested Issues of Fact</u>:

a) Whether the Plaintiff was being paid less than similarly situated white public defenders on account of her race;

b) Whether other attorneys in the APDC to which Plaintiff compares herself were or are similarly situated to Plaintiff;

c) Plaintiff's damages, if any.

10. <u>Contested Issues of Law</u>:

a) Whether the Defendant discriminated against Plaintiff by paying her less on account of her race.

11. <u>Exhibits</u>:

a) Plaintiff's personnel file;

b) Documents relating to compensation of attorneys in the APDC;

c) Policies of the Arkansas Department of Transformation and Shared Services, Office of Personnel Management;

d) Policies and procedures of the Arkansas Public Defender's Commission;

e) Plaintiff's EEOC file;

f) Written and electronic correspondence regarding Plaintiff's compensation.

The Defendant also reserves the right to use exhibits identified by the Plaintiff.

12. <u>Charts, Graphs, Models, etc</u>.: Defendant may use charts and graphs as visual aids to witness testimony, but does not expect them to be admitted into evidence.

13. <u>Witnesses</u>:

Defendant anticipates that it will call the following witnesses:

a) Gregg Parrish
   Executive Director
   Arkansas Public Defender Commission
   501-682-9070

Mr. Parrish will be called to provide testimony regarding the structure and operations of the APDC, Plaintiff's employment and compensation history with the APDC, the duties and responsibilities of the attorneys in the APDC, the pay grades for positions in the APDC, as well as relative to the plaintiff's claims of disparate treatment.

    b)      Brenda Stallings
            Assistant Public Defender
            Arkansas Public Defender Commission
            501-682-9070

Defendant expects Ms. Stallings to testify regarding her employment and compensation history, including with the Defendant.

    c)      Kay Barnhill
            Director of Personnel Management
            Department of Transformation and Shared Services

Ms. Barnhill is expected to testify regarding the State Personnel System, including pay grades and class codes; performance evaluations. Ms. Barnhill is also expected to testify regarding Plaintiff's pay increases.

The Defendant may call the following witnesses:

    d)      David Sudduth
            Chief Public Defender
            Arkansas Public Defender Commission
            501-682-9070

Mr. Sudduth may be called to provide testimony regarding the plaintiff's claims of disparate treatment.

    e)      Dana Cargile Personnel Manager
            Arkansas Public Defender Commission
            101 East Capitol Avenue, Suite 201 Little Rock, Arkansas 72201
            501-682-9070

Ms. Cargile may be called to provide testimony relative to the plaintiff's claims of disparate treatment.

    f)      Dorothy Dickinson
            Arkansas Public Defender Commission
            101 East Capitol Avenue, Suite 201 Little Rock, Arkansas 72201
            501-682-9070

Ms. Dickinson may be called to provide testimony relative to employment and compensation matters within the APDC, including the Plaintiff's.

    g)    Mike Bonds
           Arkansas Department of Finance and Administration
           501 Woodlane Street
           Little Rock, Arkansas 72201

Mr. Bonds may be called to testify regarding the State Personnel System, including pay grades and class codes; performance evaluations. Ms. Barnhill is also expected to testify regarding Plaintiff's pay increases.

Defendant reserves the right to call as a witness any person listed by the Plaintiff, and to call rebuttal witnesses if necessary.

14. <u>Request to Amend Pleading</u>: None

15. <u>Status of Discovery</u>: Completed.

16. <u>Pending Motions</u>: None.

17. <u>Suggestions for Expediting Trial</u>: None

18. <u>Estimated Length of Trial</u>: 4 days.

        Respectfully submitted,

        TIM GRIFFIN
        Attorney General

By:    Brian D. Black
        Ark Bar No. 2017-176
        Assistant Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        Ph: (501) 683-3296
        Fax: (501) 682-2591
        brian.black@arkansasag.gov

*Attorneys for Arkansas Public Defender Commission*

## **CERTIFICATE OF SERVICE**

      I, Brian D. Black, hereby certify that on April 29, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to anyone registered in this case to receive such filings.