IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRENDA STALLINGS**                                                                               **PLAINTIFF**

**v.**                                **CASE NO. 4:21-CV-00625-BSM**

**ARKANSAS PUBLIC DEFENDER**
**COMMISSION**                                                           **DEFENDANT**

### DEFENDANT'S BRIEF IN SUPPORT OF *MOTION IN LIMINE*

COMES NOW Defendant Arkansas Public Defender Commission, by and through its counsel, Attorney General Tim Griffin, Senior Assistant Attorney General Brian Black, and Assistant Attorney General Britt Johnson, and for its Brief in Support of Defendant's Motion *in Limine*, states:

### INTRODUCTION AND SUMMARY OF FACTS

Plaintiff Brenda Stallings has been an attorney licensed in the State of Arkansas since 1996. Ms. Stallings began her employment with the Arkansas Public Defender Commission ("APDC") on October 21, 2001, as a Deputy Public Defender. Ms. Stallings was hired as a Public Defender Attorney I, which at all times relevant to this case carried the pay grade of GS10.

On July 14, 2021, Plaintiff filed this action, alleging that the APDC unlawfully discriminated against her by paying her less than similarly situated white employees. (Dkt. No. -01) Defendant denies the allegations of discrimination. (Dkt. No. 03)

This matter is scheduled for trial the week of May 28, 2024. At trial, the issue of whether APDC discriminated against the Plaintiff will be tried before a jury and the APDC moves this Court to bar the introduction of certain evidence and testimony at trial.

## ARGUMENT

**A. This Court should exclude testimony from Lynette Boggs-Perez, Representative Vivian Flowers, and Judge Tjuana Byrd.**

Plaintiff identified a large number of witnesses in her Pretrial disclosures (Dkt. No. 25, pp. 5-10). Included among those potential witnesses are Lynette Boggs-Perez, Representative Vivian Flowers, and the Honorable Tjuana Byrd. Defendant respectfully submits that none of these individuals would have any personal knowledge that would have any tendency to make any fact of any consequence in determining this action more or less probable. See Fed. R. Evid. Rule 401 (Test for Relevant Evidence). Their testimony should be excluded from the evidence presented at trial. See Fed. R. Evid. Rule 402 (Irrelevant evidence is not admissible).

Defendant further submits that none of these witnesses would be in a position to offer any admissible evidence, as none of them have ever been employed by the APDC, and none of them was involved in any decision relating to the Plaintiff's pay. Thus, any testimony these witnesses could offer would lack both sufficient personal knowledge and the requisite foundational support establishing personal knowledge and materiality and should be excluded as inconsistent with Federal Rule of Civil Procedure 602.

Likewise, any testimony they might offer would constitute hearsay, and could not be contemporaneous to the events at issue in this case. It is well settled that hearsay is inadmissible. Fed. R. Civ. P. 801 & 802. Accordingly, none of these witnesses should testify at trial.

Moreover, even if these witnesses might somehow have some information related to the issues in this case, any probative value their testimony might have is greatly outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury such testimony would present. Thus, their testimony should be excluded under Federal Rule of Evidence 403. Rule 403 authorizes the exclusion of relevant evidence if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *U.S. v. Roenigk*, 810 F.2d 809 (8th Cir. 1987). "Unfair prejudice" has been defined as an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. at 814. Evidence which is "so inflammatory on its face as to divert the jury's attention from the material issues in the trial" is unfairly prejudicial. *U.S. v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008) (citation and quotation marks omitted). Id. Any testimony these witnesses might have, and specifically any testimony regarding Ms. Boggs-Perez's application for employment at the APDC will, if introduced, divert the jury's attention away from the actual issue in this case.

    B.    **The Court should exclude evidence relating to the application of Lynette Boggs-Perez for employment at the APDC.**

Defendant expects that the testimony of both Ms. Boggs-Perez and Ms. Flowers would relate to Ms. Boggs-Perez's application for employment at the APDC. Plaintiff has also identified a number of exhibits she intends to offer at trial in this regard. As noted above, Ms. Boggs-Perez's application for employment at the APDC is irrelevant to any matter before the Court in this case, and the documents relating to that issue should be excluded from evidence at trial.

The documents Plaintiff has identified include: employment application and supporting documentation from Lynette Boggs-Perez; emails referencing the employment efforts of Lynette Boggs-Perez; and the résumé of Lynette Boggs-Perez. (Dkt. No. 24, p. 5, ¶¶ 11(g)-(i). These documents are irrelevant to any matter at issue in this case, and should be excluded from evidence.

Moreover, even if these documents were arguably relevant to the case, any probative value they might have is greatly outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury that they present. Any such evidence should be excluded under Federal Rule of Evidence 403. Rule 403 authorizes the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *U.S. v. Roenigk*, 810 F.2d 809 (8th Cir. 1987). "Unfair prejudice" has been defined as an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. at 814. Evidence which is "so inflammatory on its face as to divert the jury's attention from the material issues in the trial" is unfairly prejudicial. *U.S. v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008) (citation and quotation marks omitted). Id. Any testimony about Ms. Boggs-Perez's application for employment at the APDC will, if introduced, divert the jury's attention away from the actual issue in this case.

    **C.   The Court should exclude evidence relating to the compensation of false comparators.**

Defendant anticipates that Plaintiff will attempt to introduce evidence relating to differences in compensation between Plaintiff and the white Assistant Public Defenders identified in her submissions to the Court. Plaintiff alleges that the APDC's decisions regarding her compensation were motivated by Plaintiff's race. To that end, Plaintiff has identified a number of white Assistant Public Defenders as ostensible comparators: David Sudduth, Brandy Turner, Casey Beard, Cheryl Bernard, and Jason Kordsmeier. (See Complaint, Dkt. No. 1, ¶ 24) Notwithstanding Plaintiff's allegations, none of these individuals is similarly situated to the Plaintiff. Thus, they cannot be used as comparators.

In the Eighth Circuit, a "similarly situated" analysis in the spirit of *McDonnell-Douglas* is required as a threshold evidentiary matter for the following reason: "To be able to introduce evidence comparing the plaintiff to other similarly situated employees in a discrimination case, the other employees must have been similarly situated to the plaintiff in all relevant respects." *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 734 (8th Cir. 2007) (emphasis added) (citation and quotation omitted); see also *Thomas v. Ark. State Police*, 80 F. App'x 536, 537 (8th Cir. 2003) (finding no abuse of discretion in the district court's exclusion of evidence relating to another employee who was not "similarly situated" to the defendant because he did not have the same supervisor); *Hadley v. City of Pine Bluff*, 5:08CV00184 JLH, 2010 WL 119936 (E.D. Ark. Jan. 8, 2010) (granting a motion *in limine* because the alleged comparators were not similarly situated).

The analysis to determine whether similarly situated employees were treated differently is rigorous and requires that the other employees be similarly situated in all relevant aspects before the plaintiff can introduce evidence comparing herself to the other employees. *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008). In *Fields*, which involved a race discrimination claim for pay discrepancy, the Eighth Circuit enumerated several grounds that were inadequate for the plaintiff to show other employees were similarly situated to her. *Id.* First, employees who were hired pursuant to a new policy of paying outside hires more money than those internally promoted were not similarly situated. *Id.* Second, employees who had more experience were not similarly situated to the plaintiff because they had received more salary adjustments over their longer work period. *Id.* Third, an employee who reported to a different decision-maker was not similarly situated. *Id.* See also *Kight v. Auto Zone, Inc.*, 494 F.3d 727, 734 (8th Cir. 2007) (When employees have been terminated by different decision-

makers, it would be rare for them to be considered similarly situated because any difference in treatment may well be attributable to nondiscriminatory reasons.). Finally, an employee who was actually paid less than the plaintiff was not similarly situated, and even if he was, the plaintiff suffered no adverse employment decision because that employee was paid less. *Fields*, 520 F.3d at 865.

Testimony about the compensation of other Assistant Public Defenders who are not similarly situated to the Plaintiff in all relevant respects is not relevant and should be excluded pursuant to Federal Rule of Evidence 402.  Because that evidence is not relevant, the Court should instruct Plaintiff and all counsel that they are not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, a comparison of the Plaintiff's compensation with that of any other Assistant Public Defenders, specifically including but not limited to Assistant Public Defenders Sudduth, Turner, Beard, Bernard, or Kordsmeier without first obtaining the permission of the Court outside the presence and hearing of the jury, and further instruct the Plaintiff and all counsel to warn and caution each of their witnesses to follow the same directive.

**D. The Court should exclude any reference to, or argument relating to, any subsequent remedial measures to demonstrate liability on the Defendant.**

It is well settled law that evidence of subsequent remedial measures is prohibited when the purpose of its admission is to try to show the Defendant's liability.  "[Federal] Rule [of Evidence] 407 prohibits the admission of evidence of subsequent remedial measures when the evidence is offered to prove . . . culpable conduct." *Anderson v. Malloy*, 700 F.2d 1208, 1213 (8th Cir. 1983).  Notwithstanding the applicable rule and the case law applying and interpreting it, the Plaintiff's Pretrial Disclosures specifically state that one of the Contested Issues of Fact will be "[w]hether the defendant's providing a pay increase to the plaintiff is an acknowledgment

that the plaintiff was being discriminated against based on her race." (Dkt. No. 25, p. 4, ¶ 9(e)). Any attempt to argue this point or to refer to Plaintiff's subsequent pay raises as an acknowledgement of liability is patently prohibited by the Rules of Evidence.

Because that evidence is inadmissible for the purpose Plaintiff intends to use it, the Court should instruct Plaintiff and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, that the pay raises Plaintiff received constitute or suggest an acknowledgement of liability, without first obtaining the permission of the Court outside the presence and hearing of the jury, and further instruct the Plaintiff and all counsel to warn and caution each of their witnesses to follow the same directive.

## CONCLUSION

For the reasons set forth above, Defendant Arkansas Public Defender Commission respectfully requests that the Court grant its Motion in Limine and limit the introduction of testimony and evidence and limit the scope of reference and argument as set forth above.

        Respectfully submitted,

        TIM GRIFFIN
        Attorney General

By:    Brian D. Black
        Ark. Bar No. 2017-176
        Assistant Attorney General
        Arkansas Attorney General's Office
        323 Center Street, Suite 200
        Little Rock, AR 72201
        Phone: (501) 683-3296
        Fax: (501) 682-2591
        Email: brian.black@arkansasag.gov

*Attorney for Arkansas Public Defender Commission*

## CERTIFICATE OF SERVICE

I, Brian D. Black, hereby certify that on May 17, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to anyone registered in this case to receive such filings.

<em>Brian D. Black</em><br>Brian D. Black