

U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FILED
JUN 04 2024
TAMMY H. DOWNS
By: _____

IN OPEN COURT

## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

## INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 4

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." This is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

INSTRUCTION NO. 5

Defendant Arkansas Public Defender Commission is a state agency. As such, it acts only through its agents or employees, and any agent or employee of this state agency may bind the agency by acts and statements made while acting within the scope of the authority delegated to the agent by the agency, or within the scope of his or her duties as an employee of the agency.

INSTRUCTION NO. 6

Defendant Arkansas Public Defender Commission can act only through its officers and employees. Therefore, whenever mention is made of defendant Arkansas Public Defender Commission doing or not doing something, then, of course, it means officers or employees of defendant Arkansas Public Defender Commission acting within the scope of their employment.

Defendant Arkansas Public Defender Commission is entitled to the same fair and impartial consideration as an individual under like circumstances.

INSTRUCTION NO. 7

Your verdict must be for plaintiff Brenda Stallings and against defendant Arkansas Public Defender Commission, if all the following elements have been proved:

*First*, defendant Arkansas Public Defender Commission paid plaintiff Brenda Stallings less than white similarly situated employees of defendant Arkansas Public Defender Commission;

*Second*, plaintiff Brenda Stallings's race was a motivating factor in defendant Arkansas Public Defender Commission's decision to pay plaintiff Brenda Stallings less than white similarly situated employees of defendant Arkansas Public Defender Commission.

If either of the above elements has not been proved, your verdict must be for defendant Arkansas Public Defender Commission.

INSTRUCTION NO. 8

As used in these instructions, plaintiff Brenda Stallings's race was a "motivating factor" if plaintiff Brenda Stallings's race played a part in defendant Arkansas Public Defender Commission's decision to pay plaintiff Brenda Stallings less than white similarly situated employees of defendant Arkansas Public Defender Commission. However, plaintiff Brenda Stallings's race need not have been the only reason for defendant Arkansas Public Defender Commission's decision to pay plaintiff Brenda Stallings less than white similarly situated employees of defendant Arkansas Public Defender Commission.

INSTRUCTION NO. 9

You may find that plaintiff Brenda Stallings's race was a motivating factor in defendant Arkansas Public Defender Commission's decision to pay plaintiff Brenda Stallings less than white similarly situated employees of defendant Arkansas Public Defender Commission if it has been proved that defendant Arkansas Public Defender Commission's stated reasons for its decision are not the real reason but are a pretext to hide race discrimination.

INSTRUCTION NO. 10

If you find in favor of plaintiff Brenda Stallings under Instruction No. 7, then you must answer the following question in the verdict form:  Has defendant Arkansas Public Defender Commission proved that defendant Arkansas Public Defender Commission would have paid plaintiff Brenda Stallings less than white similarly situated employees of defendant Arkansas Public Defender Commission regardless of plaintiff Brenda Stallings's race?

INSTRUCTION NO. 11

You may not return a verdict for plaintiff Brenda Stallings just because you might disagree with defendant Arkansas Public Defender Commission's decision or believe it to be harsh or unreasonable.

INSTRUCTION NO. 12

If you find in favor of plaintiff Brenda Stallings under Instruction No. 7 and if you answer "no" in response to Instruction No. 10, then you must award plaintiff Brenda Stallings such sum as you find will fairly and justly compensate plaintiff Brenda Stallings for any damages you find plaintiff Brenda Stallings sustained as a direct result of defendant Arkansas Public Defender Commission's decision to pay plaintiff Brenda Stallings less than white similarly situated employees of defendant Arkansas Public Defender Commission. Plaintiff Brenda Stallings's claim for damages includes two distinct types of damages, and you must consider them separately:

*First*, you must determine the amount of any wages and fringe benefits plaintiff Brenda Stallings would have earned in her employment with defendant Arkansas Public Defender Commission if she had not been paid less than white similarly situated employees of defendant Arkansas Public Defender Commission, *minus* the amount of earnings and benefits that plaintiff Brenda Stallings received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by plaintiff Brenda Stallings, such as pain and suffering, humiliation, and mental anguish. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

INSTRUCTION NO. 13

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the Court Security Officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone – including me – how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

Finally, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the form, sign and date it, and tell the Court Security Officer that you are ready to return to the courtroom.

INSTRUCTION NO. 14

As I told you earlier, it is your duty to consult with one another, deliberate, and try to reach agreement, if you can do that without violating your conscience. Of course, you must not give up your honest beliefs about the evidence just because of what other jurors believe to be true, or just because you want to reach a verdict. Each of you must decide the case for yourself, but only after considering and discussing the evidence with your fellow jurors.

When you deliberate, you should be willing to re-examine your own views and change your mind, if you decide you were mistaken. For all jurors to agree, you will have to openly and frankly examine and discuss the questions you have to decide. Listen to the opinions of others and be willing to re-examine your own views.

Finally, remember that you are not representing either side. You are, instead, judges – judges of the facts; judges of the believability of the witnesses; and judges of the weight of the evidence. Your only job is to find the truth from the evidence. You may take all the time you need.

There is no reason to think that this case would be tried in a better way or that a different jury would be more likely to reach a decision. If you cannot agree on a verdict, the case is left open, and it will have to be retried at some later time.

You are reasonable people. Please go back now to continue your deliberations using your best judgment.