**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRENDA STALLINGS**                                                                 **PLAINTIFF**

**v.**                                              **CASE NO. 4:21CV-00625-KGB**

**ARKANSAS PUBLIC DEFENDER**
**COMMISSION**                                                                      **DEFENDANT**

**BRIEF OF DEFENDANT ARKANSAS PUBLIC DEFENDER COMMISSION**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR EQUITABLE RELIEF**

Defendant Arkansas Public Defender Commission, by and through its attorneys, Attorney General Tim Griffin, Senior Assistant Attorney General Brian D. Black, and Assistant Attorney General Britt Johnson, submits its Brief in Opposition to Plaintiff's Motion for Equitable Relief (Dkt. No. 81) as follows:

## I.     Introduction and Statement of the Case

### A.     Procedural History and Nature of the Claims

Plaintiff filed this action against the Arkansas Public Defender Commission on July 14, 2021. (Dkt. No. 1)  In her complaint, the Plaintiff alleged that she was discriminated against on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended). (*Id.*, ¶¶ 28-35)  Plaintiff sought a declaration "that the plaintiff has been subjected to unlawful discriminatory practices on account of his [*sic*] race;" as well as "back pay; compensatory damages; attorney's fees; the cost of prosecuting this action; and for all other equitable, legal, and just relief." (Dkt. No. 1, p. 7)  Defendant timely answered, denying any discrimination against the Plaintiff. (Dkt. No. 3)

This case was tried to a jury of eleven from May 28 through June 6, 2024.  The jury in that trial was unable to reach a verdict, and the Court declared a mistrial. (Dkt. No. 42)

1

The case was retried before a twelve-person jury May 5 through May 13, 2025. During closing arguments, Plaintiff's counsel asked the jury to return a verdict in favor of the Plaintiff, and to award her $97,725.65 in back pay and $300,000 in compensatory damages.

Following deliberations, the jury returned a verdict for the Plaintiff in the amount of one dollar ($1.00) in back pay, and twenty-five thousand and twelve dollars ($25,012) in damages. (Dkt. No. 78)

On May 22, 2025, Plaintiff filed her Motion for Equitable Relief (Dkt. No. 81) and a Brief in Support thereof. (Dkt. No. 82) Plaintiff also attached, as an exhibit to the Motion, copies of selected pages from Senate Bill 392 of the 95th Arkansas General Assembly.

On May 24, 2025, Plaintiff filed her Motion for Attorney's Fees and Costs (the "Fee Motion"), in which she requests an award of $110,266.25 in fees and $2,807.31 in costs. (Dkt. No. 83) Plaintiff also filed a Brief in Support of her Motion for Attorney's Fees and Costs. (Dkt. No. 84)

On May 29, 2025, the Court entered judgment on the jury's verdict. (Dkt. No. 85)

On May 31, 2025, Plaintiff filed her Amended Motion for Attorney's Fees and Costs (Dkt. No. 86) and a Brief in Support. (Dkt. No. 86) Plaintiff's Amended Motion for Fees and Costs seeks the same amounts in fees and costs as her original Motion for Attorney's Fees and Costs. (Dkt. No. 83, pp. 2-3; Dkt. No. 86, pp. 2-3)

### B.    The Motion for Equitable Relief

In her Motion for Equitable Relief (the "Motion"), The Plaintiff requests "a hearing to determine the appropriate pay grade where the plaintiff should be placed." (Dkt. No. 81, ¶ 6) Plaintiff asks for a hearing on the issue of the State of Arkansas' new classification and

compensation plan, "to determine the appropriate placement of the plaintiff, which the plaintiff believes should be at the midpoint of the SPC09 pay grade." (Dkt. No. 81, ¶ 7)

Plaintiff also attached, as an exhibit to the Motion, copies of selected pages from Senate Bill 392 (now Act 499) of the 95th Arkansas General Assembly. (Dkt. No. 82-1) The selections attached to her Motion, however, fail to paint an accurate or a complete picture of the classification and compensation system to be implemented under Act 499.

As discussed below, Defendant respectfully submits that there is no need for a hearing, and there is no basis for the Court to rule on the issue of Ms. Stallings' job classification under the state of Arkansas' classification and compensation system under Act 499.

### C.    Act 499

On April 8, 2025, the Governor of Arkansas signed Senate Bill 392 of the 95th General Assembly into law, resulting in Act 499 of Regular Session, 2025 (the "Act"). The terms of that Act go into effect on July 1, 2025, pursuant to an Emergency Clause contained in the Act. See Exhibit 1, Act 499 of the 95th General Assembly, Regular Session, 2025, § 18, p. 222. Under the Act, there will be significant changes in the classification and pay structure for Arkansas state employees.

The new classification plan is set out in Section 5 of the Act. The new classifications are set forth in pages 11 through 63 of the Act, and are codified at Ark. Code Ann. § 25-5-208. The new classifications for Public Defenders are found on page 45 of the Act, at lines 16 through 31.

The new compensation plan is set out in Section 6 of the Act, codified at Ark. Code Ann. § 25-5-209. The new pay grades and rates provided for by the Act are set out in pages 64 through 68 of the Act, and are codified at Ark. Code Ann. §§ 25-5-209(f)(1) through 25-5-209(f)(6). The

SPC pay grades and pay levels which will be applicable to public defenders are set forth in Section 25-5-209(f)(5), found on page 68 of the Act.

The provisions of the Act modifying the classification titles and grades for Arkansas state employees are contained in Section 17(c) of the Act, found in pages 88 through 221. Section 17 of the Act is not codified. The modifications to the classifications and pay grades of public defenders under Act 499 are set out on page 217 of the Act, lines 13 through 31. (Exhibit 1, p. 217, lines 13 through 31)

The classification and compensation system set forth in Act 499 will take effect on July 1, 2025, for the fiscal year beginning on that date. (Exhibit 1, p. 22, § 18) The classification and compensation system of Act 499 was not in effect at any time this case was still before the Court. Likewise, at no point in the trial of this case did Plaintiff mention Act 499 or Senate Bill 392 of the 2025 legislative session. At no point prior to or during the trial did Plaintiff suggest that she was requesting the Court to determine the classification of her position under the then not-yet-effective Act 499.

**D.     Act 499 dictates the pay grade and classification of Ms. Stallings' position.**

Regardless of Plaintiff's expressed belief as articulated in her Motion for Equitable Relief, the parties before the Court do not have the authority to effect the relief Ms. Stallings seeks. The modifications to the pay grades and classifications of Arkansas state employees, including Ms. Stallings, are governed by statute. Act 499 specifically identifies the new classification and pay grade for Ms. Stallings' position. There is nothing in Act 499 that would vest the Public Defender Commission with the authority to deviate from the provisions of the Act, including designating Ms. Stallings' position as an SPC09.

Ms. Stallings currently holds the position of Public Defender II, the Job Code for which is LPD04P. See Exhibit 2, screen shot, People Summary, for Brenda Stallings from Arkansas Transparency.[1] See also Exhibit 1, Act 499, p. 217, line 30. Under the new system, this position (authorized for up to a GS13 pay grade under the current system) will be assigned a grade of SPC05. See Exhibit 1, Act 499, § 5, p. 45, line 20 (codified at Ark. Code Ann. § 21-5-208(b). This is a function of statute, and is not something over which the Public Defender has any control or any authority to modify. Effective July 1, 2025, Ms. Stallings' position will have a pay grade of SPC05.

Ms. Stallings' current salary is $107,336.53. See Exhibit 2. Under the new system, the pay levels for grade SPC05 are: Minimum: $85,943; Midpoint: $106,569; and Maximum $127,195. See Exhibit 1, Act 499, § 6, p. 68, line 12 (codified at Ark. Code Ann. § 21-5-209(f)(5)). Ms. Stallings' current salary falls within the approved range for SPC05, just above the midpoint for grade SPC05—the classification for her position under the new classification and compensation system. The pay range for her position is, again, set by statute.

The pay range for Grade SPC09 under the new system is: Minimum: $125,829; Midpoint: $156,028; and Maximum: $186,228. The minimum salary for Grade SPC09 is more than $18,000 more than Plaintiff is currently earning. The salary midpoint for Grade SPC09 is $48,000 more than Ms. Stallings' current salary. Ms. Stallings provides no basis for such a dramatic increase in pay grade. Nothing in the terms of Act 499 suggests any intent for such a windfall.

---

[1] Found at ark.org/dfa/transparency/employee_compensation_detail.php?id=3474.

**E.      The Motion for Equitable Relief does not warrant a hearing.**

In her Motion for Equitable Relief (the "Motion"), The Plaintiff requests "a hearing to determine the appropriate pay grade where the plaintiff should be placed."  (Dkt. No. 81, ¶ 6) Plaintiff asks for a hearing on the issue of the State of Arkansas' new classification and compensation plan, "to determine the appropriate placement of the plaintiff, which the plaintiff believes should be at the midpoint of the SPC09 pay grade."  (Dkt. No. 81, ¶ 7)

As noted above, the classification and compensation system of Act 499 was not in effect at any time this case was still before the Court. Likewise, at no point in the trial of this case did Plaintiff mention Act 499 or Senate Bill 392 of the 2025 legislative session.  And at no point prior to or during the trial did Plaintiff suggest that she was requesting the Court to determine the classification of her position under the then not-yet-effective Act 499.

## II.      Argument

**A.      There is no jurisdictional basis for the Court to issue an injunction.**

Plaintiff's request for relief necessarily implicates the application of a state statute. Plaintiff does not allege, nor is there any basis for an allegation, that Act 499 is unconstitutional. Thus, injunctive relief under the principles of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), is not available.  Under *Ex parte Young*, a plaintiff may sue a state official to "enjoin enforcement of an allegedly unconstitutional [law], provided that 'such officer [has] some connection with the enforcement of the act.'"  *Reprod. Health Servs. of Planned Parenthood of St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005) (citing *Ex parte Young*, 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908).  The exception to sovereign immunity set forth in *Ex parte Young* only applies, however, if a state official enforces or threatens to enforce an allegedly

unconstitutional law. *281 Care Comm. v. Arneson*, 766 F.3d 774, 797 (8th Cir. 2014) (citations omitted).

As set forth above, the classification of the Plaintiff's position was set by action of the Arkansas Legislature. Plaintiff has not suggested that Act 499 is unconstitutional. Nor has she provided any basis for the proposition that the Public Defender Commission could be enjoined in a manner that would provide her with relief relating to her job classification.

To the extent that Ms. Stallings contends that the Public Defender Commission would be acting in conflict with Act 499 by not classifying her position as an SPC09 grade (*i.e.*, violating state law, rather than the federal Constitution), the Court should deny her request for declaratory relief. The justification for authorizing declaratory relief under *Ex parte Young* is that a state official who acts in contravention of the federal Constitution cannot be acting lawfully on behalf of the state when he or she acts in an unconstitutional manner. *Ex parte Young*, 209 U.S. at 160, 28 S.Ct. 441. The Eleventh Amendment, however, generally deprives federal courts of jurisdiction to enjoin a state official's actions on the basis that the official is violating **state** law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Bacon v. Neer*, 631 F.3d 875, 880 (8th Cir. 2011). To the extent that Plaintiff seeks injunctive relief against the Public Defender Commission on the grounds that it is acting in violation of Arkansas' classification and compensation system for state employees, the court lacks jurisdiction to issue such an injunction, and Plaintiff's Motion should be denied accordingly.

B.     **Plaintiff's request for injunctive relief should be denied because neither of the entities that created or will administer the new classification and compensation system is a party to this case.**

It is the Arkansas Legislature—not the Public Defender Commission—that established the new classification and pay grades under the new compensation system. See Exhibit 1, Act 499,

§§ 5, 6 and 17, pp. 11-63, 64-6, and 88-221.  It did so by statute, approved by both houses of the Legislature and signed into law by the Governor as Act 499 of Regular Session, 2025.  The Act delegates responsibility for implementing and administering those changes to the state's Office of Personnel Management ("OPM").  See, e.g., Exhibit 1, Act 499, § 7, pp. 69-70, codified at Ark. Code Ann. § 21-5-210 (preparing job descriptions); § 17(d), p. 221 (making changes to authorized positions and job descriptions).

Rule 65(d)(2) of the Federal Rules of Civil Procedure provides that the persons bound by an injunction are generally limited to the parties, their officers, agents, servants, employes and attorneys, and other persons who are in active concert or participation with any of the foregoing who receive actual notice of the order.  Fed. R. Civ. P. 65(d)(2).  And the liability for acting in concert with an enjoined party only arises for assisting the enjoined party in violating the injunction. *See Additive Controls  & Measurement Systems v. Flowdata, Inc.*, 96 F.3d 1390, 1395 (5th Cir. 1996), citing *Spindelfabrik Suessen–Schurr v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft,* 903 F.2d 1568, 1580–81 (Fed. Cir. 1990).  To the extent the Plaintiff's Motion seeks injunctive relief relating to the classification of her position under the classification and compensation system created by Act 499, the only entities potentially vested with any ability to perform that task are the Arkansas State Legislature and potentially the Office of Personnel Management.  Neither the legislature nor OPM, however, is a party to this case.

Thus, to the extent the Plaintiff seeks injunctive relief against the Public Defender Commission with respect to the classification of her position under Act 499, it is misdirected. There is nothing in the Act vesting the Public Defender Commission with any authority to take any action whatsoever in the Act's implementation.  The Public Defender Commission simply

lacks the authority to reclassify or modify the Plaintiff's position, and the OPM is not a party to this case.

**C.    The declaratory relief Plaintiff ostensibly seeks is not available in this case.**

To the extent Plaintiff contends that she has standing to assert her claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, the argument is unavailing. The Declaratory Judgment Act authorizes federal courts to declare the rights, obligations, and other legal relations of a party seeking such declaration. The Act is, at its core, a procedural device; it does not expand the federal courts' jurisdiction. *Yeransian*, 984 F.3d at 637, citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The controversy or dispute underlying a declaratory judgment action brought in federal court "must be 'definite and concrete, touching the legal relations of parties having adverse legal interests, real and substantial, and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Yeransian*, 984 F.3d at 637, quoting *McLeod v. General Mills, Inc.*, 856 F.3d 1160, 1166 (8th Cir. 2017).

Here, the Plaintiff does not allege the existence of any real or substantial conflict. She is literally asking the Court to determine what the law will be (construing Act 499) with respect to the classification of her position after Act 499 takes effect. The law, however, is clear. The classification of Plaintiff's position will be modified from GS12 to SPC05, effective July 1, 2025. Ms. Stallings provides no support whatsoever for the Court to find otherwise, for her alleged belief that her position should be classified as a Grade SPC09 or that she should be paid at or near the midpoint of the salary range for that pay grade.

As is the case with injunctive relief, the Public Defender Commission is not the proper party with respect to which any declaration regarding Ms. Stallings' pay grade and classification

under Act 499. Any modification to the Plaintiff's job classification under Act 499 is a function of statute, or relates to action taken by the OPM pursuant to its statutory mandate. The rights or obligations between Plaintiff and the Commission are not implicated by Plaintiff's Motion. Any declaration Plaintiff seeks would relate to the decisions or actions of the Arkansas Legislature or the OPM.

Plaintiff does not allege that the Act is unconstitutional so as to implicate *Ex parte Young*. She does not allege that the legislature or OPM is or was acting *ultra vires* in the adoptions, enactment, or implementation of Act 499. She provides no basis whatsoever for this Court to entertain her request for declaratory relief. The motion should therefore be denied.

**D. Stallings' failure to disclose her intent to seek reclassification earlier in the case precludes her from seeking it now.**

At no time during the course of this case has Plaintiff disclosed that she was seeking to have her position reclassified. Even as this case was tried--twice, Stallings never once mentioned she was seeking a declaration regarding her classification or pay grade under the classification and compensation system then in place—much less under the system to be implemented under Act 499. Nor did Stallings state that she was seeking declaratory or injunctive relief with respect to her current or future classification or pay grade at any time prior to trial. In her complaint, Plaintiff sought a declaration "that the plaintiff has been subjected to unlawful discriminatory practices on account of his [*sic*] race[.]" (Dkt. No. 1, p. 7)

Furthermore, aside from Stallings' failure to plead or otherwise indicate that she intended to seek a declaratory judgment or injunction with respect to her job classification as the case was tried, Stallings never once mentioned she was seeking a declaratory judgment or an injunction, other than that she had been subjected to unlawful discrimination based on her race. Stallings did not raise the issue during trial or following the return of the jury verdict. Thus, Stallings' post-

verdict motion for additional declaratory and injunctive relief—specifically with respect to the classification of her position under Act 499—comes as a complete surprise to Defendant, given that this was Stallings' first specific request or mention for such relief. Stallings' request for declaratory and injunctive relief, first made more than three years after suit was filed and after the close of trial and the jury's verdict, is untimely and waived. *See, e.g., Peterson v. Bell Helicopter Textron, Inc.*, 805 F.3d 335, 341 (5th Cir. 2015), .*Alexander v. Riga*, 208 F.3d 419, 434 (3d Cir. 2000) (prayer for permanent injunction in complaint waived by the failure to raise the claim prior to the conclusion of trial); *Imperial v. Suburban Hosp. Ass'n*, 37 F.3d 1026, 1031 (4th Cir. 1994) (prayer for injunctive relief in complaint abandoned where relief was never pursued in district court); *Tony's Taps, LLC v. PS Enters.*, Civil Action No. 08-cv-01119-MSK-KLM, 2012 U.S. Dist. LEXIS 43293, at *8, 2012 WL 1059956 (D. Co. Mar. 29, 2012) ("The onus was on the plaintiff to request the relief desired upon the return of the jury's verdict, or to request delay in entry of judgment to allow it to consider options and advise the court of its position."); *Cache La Poudre Feeds, LLC v. Land O' Lakes, Inc.*, No. 04-CV-329-WYD-CBS, 2008 U.S. Dist. LEXIS 9654, 2008 WL 269451, at *6 (D. Colo. Jan. 29, 2008) (prayer for injunctive relief in complaint waived where there was no mention of the claim in pretrial order or at trial).

Even if Stallings' generic prayer for equitable relief is somehow construed as a pleading for a declaratory judgment and injunctive relief, her strategy of not pursuing this remedy until after the close of evidence and after the entry of a final judgment unfairly prejudices the Commission. Were the Court to seriously entertain Stallings' request, the Commission would be prejudiced by only having available the evidence it put on at trial, which the Commission assumed was an action for money damages and did not involve declaratory or injunctive relief with respect to the application of a statute not yet then in effect. Had the Commission known that Stallings intended

to seek declaratory or injunctive relief with respect to her job classification under Act 499, it could have called additional witnesses or elicited additional testimony from those it did call, and prepared a defense to the claims for equitable relief pled in Plaintiff's post-trial motion. Stallings' post-verdict and untimely effort to seek equitable remedies against the Commission has clearly prejudiced the Commission. Accordingly, this Court should deny Plaintiff's motion.

While it is not clear on what basis Plaintiff seeks declaratory and/or injunctive relief, or the procedural basis she relies on for the Court's consideration of her request, it is clear that there is no procedural support for her request. For example, if Plaintiff asserts that she seeks relief under Rule 54(c) of the Federal Rules of Civil Procedure, her claim necessarily fails.

Decisions of numerous circuits take the approach that failure to seek injunctive relief until after judgment is entered unduly prejudices the non-moving party, waives the claim for equitable relief, and cannot be salvaged by Rule 54(c). In *Alexander v. Riga,* the plaintiffs actually sought injunctive relief in their complaint. *Alexander,* 208 F.3d 419, 434 (3d Cir. 2000). They did not raise it again through the trial until six days after the verdict. *Id.* The Third Circuit "agree[d] with the District Court that the issue is waived by the failure of counsel to raise the issue of injunctive relief prior to the conclusion of trial." *Id.* In a Fourth Circuit case, the plaintiff never pursued injunctive relief in the district court at all. *Imperial v. Suburban Hosp. Ass'n, Inc.,* 37 F.3d 1026, 1031 (4th Cir. 1994).

Plaintiff's failure to raise the issue of her job classification until after the close of trial deprived the Defendant of the opportunity to present evidence and defend against the theory underlying her claim in a meaningful fashion. It has unfairly prejudiced the Defendant, and her Motion for Declaratory Relief should be denied accordingly.

### III.  Conclusion

For the foregoing reasons, Defendant Arkansas Public Defender Commission respectfully requests that the Court deny the Plaintiff's Motion for Equitable Relief in its entirety.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:  Brian D. Black
Ark. Bar No. 2017-176
Senior Assistant Attorney General
Britt C. Johnson
Ark. Bar No. 2008-059
Assistant Attorney General
Arkansas Attorney General's Office
101 West Capitol Street
Little Rock, AR 72201
Ph:  (501) 683-3296
Fax:  (501) 682-2591
brian.black@arkansasag.gov
britt.johnson@arkansasag.gov

*Attorneys for Defendant Arkansas Public Defender Commission*

## <u>CERTIFICATE OF SERVICE</u>

I, Brian D. Black, hereby certify that on June 5, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to anyone registered in this case to receive such filings.


Brian D. Black