IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRENDA STALLINGS**                                                                          **PLAINTIFF**

v.                              **CASE NO. 4:21-CV-00625-KGB**

**ARKANSAS PUBLIC DEFENDER COMMISSION**                              **DEFENDANT**

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS AND PLAINTIFF'S
<u>AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS</u>**

Defendant Arkansas Public Defender Commission ("APDC" or the "Commission") by and through its attorneys, Attorney General Tim Griffin and Senior Assistant Attorney General Brian D. Black and Assistant Attorney General Britt Johnson, respectfully opposes Plaintiff's Motion for Attorney's Fees and Costs (Dkt. No. 83) and Plaintiff's Amended Motion for Attorney's Fees and Costs (Dkt. No. 86), and requests that the Court reduce the requested fee award. The first ground for reducing the award is that the hourly rates Plaintiff seeks for purposes of calculating the lodestar do not represent prevailing market rates for comparable legal services in the Little Rock, Arkansas market for cases of similar complexity. Second, once the Court has calculated the lodestar, the Court should reduce the award based on the degree of the Plaintiff's success (or lack thereof). The extremely limited success Plaintiff achieved at trial mandates a substantial reduction of the lodestar.

        **I.**       <u>**Introduction and Statement of the Case**</u>

        **A.**       **Procedural History and Nature of the Claims**

Plaintiff filed this action against the Arkansas Public Defender Commission on July 14, 2021. (Dkt. No. 1) In her complaint, the Plaintiff alleged that she was discriminated against on

the basis of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended). (*Id.*, ¶¶ 28-35) Plaintiff sought a declaration "that the plaintiff has been subjected to unlawful discriminatory practices on account of his [*sic*] race;" as well as "back pay; compensatory damages, attorney's fees; the cost of prosecuting this action; and for all other equitable, legal, and just relief." (Dkt. No. 1, p. 7) Defendant timely answered, denying any discrimination against the Plaintiff. (Dkt. No. 3)

This case was tried to a jury of eleven from May 28 through June 6, 2024. The jury in that trial was unable to reach a verdict, and the Court declared a mistrial. (Dkt. No. 42)

The case was retried before a twelve-person jury May 5 through May 13, 2025. During closing arguments, Plaintiff's counsel asked the jury to return a verdict in favor of the Plaintiff, and to award her $97,725.65 in back pay and $300,000 in compensatory damages.

Following deliberations, the jury returned a verdict for the Plaintiff in the amount of one dollar ($1.00) in back pay, and twenty-five thousand and twelve dollars ($25,012) in damages. (Dkt. No. 78)

On May 22, 2025, Plaintiff filed her Motion for Equitable Relief (Dkt. No. 81) and a Brief in Support thereof (Dkt. No. 82). Plaintiff also attached, as an exhibit to the Motion, copies of selected pages from Senate Bill 392 of the 95th Arkansas General Assembly.

On May 24, 2025, Plaintiff filed her Motion for Attorney's Fees and Costs (the "Fee Motion"), in which she requests an award of $110,266.25 in fees and $2,807.31 in costs. (Dkt. No. 83) Plaintiff also filed a Brief in Support of her Motion for Attorney's Fees and Costs. (Dkt. No. 84)

On May 29, 2025, the Court entered judgment on the jury's verdict. (Dkt. No. 85)

On May 31, 2025, Plaintiff filed her Amended Motion for Attorney's Fees and Costs (Dkt. No. 86) and a Brief in Support (Dkt. No. 86). Plaintiff's Amended Motion for Fees and Costs seeks the same amounts in fees and costs as her original Motion for Attorney's Fees and Costs. (Dkt. No. 83, pp. 2-3; Dkt. No. 86, pp. 2-3)

## II.  LEGAL STANDARD

Fee awards are matters of the Court' discretion, and are reviewed on appeal for abuse of discretion. *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003), citing *Peanick v. Morris,* 96 F.3d 316, 323 (8th Cir. 1996).

## III.  ARGUMENT

Under Title VII, a district court may award attorney's fees to the "prevailing party." 42 U.S.C. § 2000e-5(k). Courts may award attorneys' fees to prevailing Title VII plaintiffs in "all but very unusual circumstances," *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975).

### A. Plaintiff is a prevailing party for purposes of an award of attorney's fees.

A party requesting an award of attorney's fees must establish that she is the prevailing party and that the fees sought are reasonable. *Farrar v. Hobby*, 506 U.S. 103, 114-115, 113 S.Ct. 566, 575 (1992) (holding that the plaintiff was not entitled to any attorneys' fees under 42 U.S.C. § 1988 notwithstanding the fact that he technically qualified as a "prevailing party"). Before deciding whether an award of attorney's fees is appropriate in a given case, a court must determine whether the party seeking fees has prevailed in the litigation. *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 789, 109 S.Ct. 1486, 1492 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). To be considered a prevailing party, "a plaintiff [must] receive at least some relief on the merits of his claim[.]" *Buckhannon Bd. & Care Home,*

3

*Inc. v. West Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603, 121 S.Ct. 1835, 1839 (2001).

In the case at bar, the Defendant concedes that Plaintiff was awarded some relief on her claims. Accordingly, Defendant does not dispute that Plaintiff is a "prevailing party" for purposes of an award of attorney's fees. As discussed below, Defendant does not believe that the hourly rates sought in her fee petition are reasonable, and Defendant believes that the degree of Plaintiff's success warrants a reduction of the lodestar.

    **B.    The Court should not use the hourly rates Plaintiff submits in calculating the Lodestar.**

After determining whether a litigant is a prevailing party, the method for determining an award of attorney's fees is well-settled. "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Wheeler v. Missouri Highway & Transp. Comm'n*, 348 F.3d 744, 753 (8th Cir. 2003), quoting *Fish v. St. Cloud State Univ.,* 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). As discussed below, Defendant believes the number of hours Plaintiff claims (259.4) is reasonable, given the nature and complexity of the case and counsel's skills and abilities.

        **1.    The rates Plaintiff requests are not in line with prevailing market rates.**

The burden is on the moving party to provide evidence supporting the rate claimed. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S.Ct. 1541, 1547 n.11 (1984). The Eighth Circuit has held that the fee applicant bears the burden of producing satisfactory evidence—in addition to the attorney's own affidavits—that the rates sought are in line with those prevailing in the community. *Wheeler v. Missouri Highway & Transp. Comm'n*,

4

348 F.3d 744, 748 (8th Cir. 2003).

In support of her initial Motion for Attorney's fees and costs, the Plaintiff submitted the declaration of her counsel, Austin Porter, Jr. (Dkt. No. 83-1). Mr. Porter provides a chronology of his experience, and requests an hourly rate of $425. Nothing in Mr. Porter's declaration, however, demonstrates that a court has found $425 to be a reasonable hourly rate for his services. The two most recent cases to which Mr. Porter refers awarded Mr. Porter an hourly rate of $350.

Just weeks ago, on May 19, 2025, the U.S. District Court for the Eastern District of Arkansas found that Mr. Porter's proposed rate of $425 per hour was "a tad high for this kind of work in the Eastern District of Arkansas[,]" and that a rate of $350 was reasonable, noting that it was the rate Mr. Porter has been awarded for the past few years in the Eastern District of Arkansas. *Hunt v. Acosta*, 2:22-cv-00017, Order dated May 19, 2025 (Dkt. No. 96). A copy of the Court's order is attached hereto as Exhibit 1. The Court noted that Mr. Porter had been awarded an hourly rate of $350 in a number of recent cases: *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019); and *Adams v. City of Little Rock*, 2023 WL 6038125, at *2 (E.D. Ark. 15 Sept. 2023), aff'd, 2024 WL 3713404 (8th Cir. 2024). Exhibit 1, p. 2. Ms. Stallings did not provide any additional support for her original Motion for Attorney's Fees and Costs other than Mr. Porter's declaration to support her request for a $425 per hour rate.

> 2.  **The additional materials do not support a finding that the rates Plaintiff seeks are in line with Little Rock's prevailing market rates.**

In support of her Amended Motion for Attorney's fees and costs, Plaintiff submitted, in addition to a declaration from Mr. Porter, the declarations of two other attorneys, filed in the case of *Gerling v. City of Hermann, Missouri*, Case No. 4:176-cv-2702-JAR, in the U.S. District Court for the Eastern District of Missouri, Eastern Division. *Gerling* appears to be entirely unrelated to the case at bar, and Defendant does not understand how those declarations relate the Plaintiff's

5

Motion. While both of those declarations sought fees at hourly rates as high as $500, the rates were presented to the court as local market rates for the Kansas City and Saint Louis, Missouri, metropolitan areas. They are not indicative of the local market rates in Little Rock.

Moreover, this litigation did not involve novel legal questions or exceptional complexity warranting premium billing rates. The issues were straightforward, and the proceedings followed a standard litigation path without protracted discovery or motion practice. The time and skill required were commensurate with standard civil litigation—not specialized or unusually burdensome work. The fees incurred in the *Gerling* case were incurred in the course of a civil rights case that appears to have been significantly more complicated than the case at bar. *See Gerling v. City of Hermann, Missouri*, 2 F.4th 737 (8th Cir. 2021).

Plaintiff has not met the burden of demonstrating that the requested hourly rate of $425 reflects prevailing community standards in Little Rock. Plaintiff has failed to produce evidence sufficient to support an award of an hourly rate greater than the $350 per hour rate the court granted Mr. Porter's client last month in *Hunt v. Acosta*. Defendant respectfully submits that the $350 per hour rate awarded in *Hunt v. Acosta* fairly reflects the nature of the case and the prevailing market rates in the Little Rock area. Accordingly, Defendant submits that the Court should apply the $350 hourly rate in calculating the lodestar in this case.

> **B.    The degree of Plaintiff's success in the case warrants a reduction in the fee award from the lodestar.**

The degree of success achieved by the prevailing party is "the most critical factor" in appropriately adjusting the lodestar. *Hensley*, 461 U.S. at 433, 436, 103 S.Ct. at 1941. "In awarding attorney's fees and costs when the plaintiff has only achieved limited or partial success, the court must consider 'whether the expenditure of counsel's time was reasonable in relation to the success achieved'." *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997), quoting *Hensley*, 461 U.S.

424, 436, 103 S.Ct. 1933, 1941 (1983).  In *Arneson*, the Eighth Circuit recognized that "there is no precise rule or formula" for determining an appropriate fee award in cases where the plaintiff achieved limited success.  *Arneson*, 128 F.3d at 1249, quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941.

In determining a fee award, the court must consider not only the hours worked and billing rate, but also whether the plaintiff failed on alternative claims and whether the award is excessive in light of the plaintiff's overall level of success.  *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1941 (1983).  When the plaintiff's claims involve a common core of facts and related legal theories, the district court need not attempt to divide counsel's hours among the claims. Instead, it should consider "the significance of the overall relief obtained." *Id.*, 461 U.S. at 435, 103 S.Ct. at 1940.

In this case, Plaintiff sought an award of $97,725.65 in back pay. The jury, however, awarded Plaintiff only a nominal amount—one dollar ($1.00) in back pay. (Dkt. No. 78) Plaintiff sought an award of $300,000 in compensatory damages.  The jury awarded her twenty-five thousand and twelve dollars ($25,012) in damages.  (*Id.*)  The compensatory damages actually awarded was less than 8.34 percent of the amount sought.

Given that Stallings recovered only 0.001% of her requested back pay and less than 8.4% of her requested damages, a fee award exceeding $110,000 is manifestly excessive.  "The degree of success obtained" is "the most critical factor" in awarding fees. *Farrar,* 506 U.S. at 113, 113 S.Ct. at 574. "Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Id.*, 506 U.S. at 113, 113 S.Ct. at 575 (quoting *Riverside v. Rivera,* 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)).

In closing arguments, Stallings asked for $97,725.65 in back pay and $300,000 in damages. The jury's award of $1 in back pay and $25,012 in compensatory damages minimizes both the degree of the pay discrepancy she alleged and the scope of the injuries she claims to have suffered (*e.g.*, pain and humiliation). Accordingly, Defendant requests that the Court reduce the lodestar by at least 50% - resulting in an award not exceeding $45,000 - to reflect Plaintiff's severely limited success at trial.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Arkansas Public Defender Commission requests that the Court use an hourly rate of $350 in computing the lodestar in this case, and once the lodestar has been determined, reduce the fee award to the Plaintiff to reflect the limited success achieved in the case.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:   Brian D. Black
      Ark. Bar No. 2017-176
      Senior Assistant Attorney General
      Britt C. Johnson
      Ark. Bar No. 2008-059
      Assistant Attorney General
      Arkansas Attorney General's Office
      101 West Capitol Street
      Little Rock, AR 72201
      Ph:  (501) 683-3296
      Fax:  (501) 682-2591
      brian.black@arkansasag.gov
      britt.johnson@arkansasag.gov

      *Attorneys for Defendant Arkansas Public Defender Commission*

9

**CERTIFICATE OF SERVICE**

      I, Brian D. Black, hereby certify that on June 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to anyone registered in this case to receive such filings.

                                                            Brian D. Black