**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRENDA STALLINGS** **PLAINTIFF**

**v.** **Case No. 4:21-cv-00625-KGB**

**ARKANSAS PUBLIC DEFENDER COMMISSION** **DEFENDANT**

# ORDER

Before the Court are plaintiff Brenda Stallings's motion for attorney's fees and costs, amended motion for attorney's fees, and second amended motion for attorney's fees (Dkt. Nos 83; 86; 108). Defendant Arkansas Public Defender Commission ("APDC") responded in opposition to Stallings's motion for attorney's fees and costs and Stallings's amended motion for attorney's fees (Dkt. No. 89). APDC did not respond to Stallings's second amended motion for attorney's fees.

The Court denies as moot Stallings's motion for attorney's fees and costs and amended motion for attorney's fees (Dkt. Nos. 83; 86). The Court grants, in part, and denies, in part, Stallings's second amended motion for attorney's fees (Dkt. No. 108). For the reasons stated in this Order, the Court awards the full amount of costs, $2,807.31, and $98,889.00 in attorney's fees, for a total fee and costs award of $102,696.31.

## I. Background And Summary Of Arguments

Stallings's motion for attorney's fees and costs and amended motion for attorney's fees request the same amount and appear to differ only with respect to the Court's May 29, 2025, entry of Judgment (Dkt. No. 85). *Compare* (Dkt. No. 83, ¶ 4) *with* (Dkt. No. 86, ¶ 4). Stallings's second amended motion for attorney's fees differs with respect to the time spent in preparation for the Court's May 14, 2026, hearing on Stallings's motion for equitable relief. Stallings argues that

under 42 U.S.C. § 2000e-5(k) she is entitled to a fee award of $123,611.25 and costs of $2,807.31, for a total of $126,418.56 (Dkt. No. 108, at 3).

APDC argues that the originally requested attorney's fee of $110,266.25 in Stallings's motion and amended motion should be reduced (Dkt. No. 89). APDC argues that Stallings's counsel's hourly rate is higher than the typical hourly rate for comparable legal services in Little Rock, Arkansas, and that the hourly rate of $425.00 should be reduced by $75.00, to a total of $350.00 (*Id.*, at 5). APDC also argues that the degree of success achieved by Stallings was low because Stallings received substantially less in damages than what she requested at trial (*Id.*, at 6–7). APDC did not raise any argument regarding Stallings's request for costs of $2,807.31 (*Id.*). APDC did not respond to Stallings's second amended motion for attorney's fees.

**II. Legal Standard**

"The court in its discretion may allow a party prevailing on a Title VII claim reasonable attorney fees." *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002) (citing 42 U.S.C. § 2000e-5(k)). To qualify for attorney's fees under Title VII, the plaintiff must be a "prevailing party." *Farrar v. Hobby*, 506 U.S. 103. 109 (1992). If the plaintiff is a prevailing party, then the Court must determine the appropriate fee award. "'The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.'" *Wheeler v. Missouri Highway & Transportation Commission*, 348 F.3d 744, 754 (8th Cir. 2003). "The district court should exclude hours that were not reasonably expended." *Id.* After calculating the lodestar, the Court should adjust the fee upward or downward based upon the results obtained. *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).

## III. Analysis

### A. Prevailing Party

On May 29, 2025, the Court entered Judgment in favor of Stallings against APDC in the amount of $1.00 in lost wages and benefits and $25,012.00 in other damages excluding lost wages and benefits (Dkt. No. 85). APDC concedes that Stallings was awarded relief on her claims and that Stallings is a "prevailing party" for purposes of attorney's fees (Dkt. No. 89, at 3). The Court agrees that Stallings is a prevailing party who is entitled to attorney's fees under 42 U.S.C. § 2000e-5(k).

### B. Hours Expended

When calculating the lodestar, the Court multiplies the number of hours reasonably expended by the attorney's reasonable hourly rate. *Wheeler*, 348 F.3d at 754. Stallings's counsel submits that he expended 290.85 hours on this case (Dkt. No. 108, at 2). Stallings's counsel submitted a detailed billing log of the time spent on this case (Dkt. No. 108-1, at 12). APDC represents that the number of hours Stallings's counsel expended on the case prior to the motion for equitable relief is reasonable based upon the nature and complexity of the case and counsel's skills and abilities (Dkt. No. 89, at 4). APDC did not timely respond to address the additional hours Stallings's counsel expended on post-judgment discovery and preparation for the Court's May 14, 2026, hearing on Stallings's motion for equitable relief.

After careful review of the billing logs, APDC's representations, and the unique posture of the case, the Court determines that 290.85 hours is a reasonable amount of time. Accordingly, the Court will calculate the lodestar with the 290.85 hours figure.

**C. Reasonable Hourly Rate**

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." *Jet Midwest International Co., Ltd. V. Jet Midwest Group, LLC*, 93 F.4th 408, 410 (8th Cir. 2024) (internal quotations omitted). "The court has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar." *Id.* (internal quotations omitted). The burden is on the moving party to provide evidence supporting the rate claimed. *Wheeler*, 348 F.d3d at 754.

Attached to Stallings's second amended motion for attorney's fees is a declaration from Stallings's counsel, Austin Porter Jr. (Dkt. No. 108-1). Porter states that his hourly rate is $425.00 (*Id.*). Porter's declaration explains his employment history, case history, and prior fees. After careful review of Porter's qualifications, case history, and rates in prior cases, the Court finds that $425.00 exceeds market norms for this sort of work in Little Rock, Arkansas. However, the Court finds that APDC's proposed $75.00 reduction is too great (Dkt. No. 89, at 4–5). The Court determines that an hourly rate of $375.00 is appropriate.

Porter began receiving awards with an hourly rate of $350.00 in 2019. *See, e.g.*, *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019). This Court has awarded a $350.00 rate to Porter on multiple occasions. *See, e.g.*, *Hunt v. Acosta*, Case No. 2:22-cv-00017-DPM (Dkt. No. 96) (E.D. Ark. May 21, 2025); *Adams v. City of Little Rock*, 2023 WL 6038125, at *2 (E.D. Ark. Sept. 15, 2023), *aff'd*, 2024 WL 3713404 (8th Cir. 2024). The Court determines that a subsequent rate increase from $350.00 to $375.00 is now appropriate given Porter's past awards, extensive experience, and the general increase in prevailing rates across Little Rock.[1] As such, the lodestar

[1] The Eighth Circuit awarded Porter an hourly rate of $350.00 in 2019. *See, e.g.*, *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019). Adjusted for inflation to May of 2026, $350.00 in 2019 dollars commands a rate higher than Porter's requested $425.00. *See* U.S. Bureau

in the case is the product of 290.85 hours by an hourly rate of $375.00, resulting in a lodestar value of $109,068.75.

**D. Reduction In Fee**

"After calculating a fee award using either the lodestar method or the percentage-of-the-fund method, district courts generally evaluate 'the ultimate reasonableness of the award. . . by considering relevant factors from the twelve factors listed' in *Johnson* [*v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–719 (5th Cir. 1974)]." *League of Women Voters of Missouri v. Ashcroft*, 5 F.4th 937, 941 (8th Cir. 2021) (quoting *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018)). The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*League of Women Voters*, 5 F.4th at 941 n.3 (citing *Hensley*, 461 U.S. at 430 n.3).

The "most critical factor" in determining a fee award "is the degree of success obtained." *Hensley*, 461 U.S. at 436. The Supreme Court has "observed that if 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.'" *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436).

---

of Labor Statistics, *CPI Inflation Calculator*, https://data.bls.gov/cgi-bin/cpicalc.pl (last visited September 29, 2026); *see also Adams v. City of Little Rock*, 2023 WL 6038125, at *2 (E.D. Ark. Sept. 15, 2023) (using the CPI Inflation Calculator to compare rates over time and increasing Porter's 2018 award of $285.00 to $350.00).

The Court finds that the difference between Stallings's requested verdict and actual verdict support a slight reduction in fee. At trial, Stallings requested back pay but was awarded only nominal damages (Dkt. No. 78). This discrepancy warrants a reduction in the total fee award. Likewise, there is a difference between the compensatory damages requested and the compensatory damages awarded (*Id.*). That discrepancy also warrants a reduction in the total fee. However, Stallings received a verdict in her favor and nonetheless received a somewhat substantial damages award. Additionally, the Court found that Stallings was entitled to equitable relief raising her pay grade to prevent continued discrimination (Dkt. No. 110). Taken together with the time and labor required to try the case, the difficulty of securing success in Title VII cases, the skill required to try the case multiple times, the preclusion of other employment opportunities, and awards in similar cases, the Court finds that the above identified discrepancies counsel only a slight fee award reduction.

After careful consideration of the record before it and the *Johnson* factors, particularly the degree of success obtained, including equitable relief, the Court finds that a 15% reduction to the lodestar is reasonable. The Court reduces the lodestar fee value by 15%, awarding 85% of the $109,068.75 lodestar, for a total of $92,708.44 in attorney's fees.

**IV. Conclusion**

For the foregoing reasons, the Court denies as moot Stallings's motion for attorney's fees and costs and amended motion for attorney's fees (Dkt. Nos. 83; 86). The Court grants, in part, and denies, in part, Stallings's second amended motion for attorney's fees, as supplemented by the Court's Order (Dkt. No. 108). The Court awards the full amount of costs, $2,807.31, and $92,708.44 in attorney's fees, for a total award of $95,515.75.

It is so ordered this 29th day of September, 2026.

Kristine G. Baker
Chief United States District Judge